IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NOBLE D. WILHOITE, SR.,**

    **Plaintiff,**

  vs.                                       Case No.
                                                     04-2322-GTV

**STATE OF KANSAS, DEPARTMENT OF**
**SOCIAL AND REHABILITATION**
**SERVICES, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

*Pro se* Plaintiff Noble D. Wilhoite, Sr. brings this employment discrimination suit against his former employer, Defendant State of Kansas Social and Rehabilitation Services, and former supervisor, Thomas Crozier. Plaintiff contends that Defendants harassed him and discriminated against him on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. Defendants moved to dismiss Plaintiff's complaint (Doc. 16). When Plaintiff failed to respond to Defendants' motion, the court ordered Plaintiff to show cause why the motion should not be granted as uncontested. Plaintiff responded to the court's order, and the court finds that Plaintiff has shown cause.

In the interest of justice, the court will rule on Defendants' motion without granting Plaintiff additional time to respond to the motion. As a matter of law, Defendant Thomas Crozier must be dismissed from the suit. Defendant State of Kansas Social and Rehabilitation Services's

1

arguments are more appropriate for a summary judgment motion, and the court denies the motion with respect to the claims against Defendant State of Kansas Social and Rehabilitation Services.

## I.  STANDARD FOR JUDGMENT

Defendants move to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

A Rule 12(b)(6) motion to dismiss will be granted only if it appears beyond a doubt that the plaintiff is unable to prove any set of facts entitling him to relief under his theory of recovery. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."  Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984).  The court must view all reasonable inferences in favor of the plaintiff, and the pleadings must be liberally construed.  Id.; Fed. R. Civ. P. 8(f).  The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982).

## II.  FACTUAL BACKGROUND

The following facts are based upon the allegations in Plaintiff's complaint.

Plaintiff claims that Defendant Crozier harassed him and discriminated against him on the basis of his race while he was employed by Defendant State of Kansas Social and Rehabilitation Services.  He alleges that he was physically and verbally abused and denied employment opportunities.  Because of the alleged discrimination and harassment, Plaintiff states that he was constructively discharged on May 28, 2002.

### III.  DISCUSSION

### A.  Defendant Crozier

Plaintiff asserts a Title VII claim against Defendant Crozier for racial harassment and discrimination.  Presumably, Plaintiff intended to sue Defendant Crozier in his individual capacity, since Plaintiff also named his former employer as a party.  Cf. Miller v. Brungardt, 916 F. Supp. 1096, 1098 (D. Kan. 1996) (holding that it was duplicative for a plaintiff to bring a Title VII claim against both an employer and a supervisor in his official capacity); Land v. Midwest Office Tech., Inc., 979 F. Supp. 1344, 1348 (D. Kan. 1997) (citations omitted) (holding that in a Title VII case, dismissal of an official capacity claim against an employee when the employer is also a defendant promotes "'judicial economy and efficiency'" and "'prevents the possibility of juror confusion'").  Title VII does not provide for individual liability against supervisors or other employees.  Haynes v. Williams, 88 F.3d 898, 899 (10th Cir. 1996) ("The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act.") (emphasis in original).  The court therefore dismisses Defendant Crozier from the case.

### B.  Defendant State of Kansas Social and Rehabilitation Services

Construing Plaintiff's complaint liberally, Plaintiff brings claims for harassment, discrimination, and constructive discharge against Defendant State of Kansas Social and Rehabilitation Services.  Defendant essentially argues that Plaintiff has not pleaded his claim of constructive discharge with enough specificity.  Defendant argues that Plaintiff will be unable to show that its actions were discriminatory or intentional, as is required for a constructive discharge claim.

Defendant may be right. But the place to challenge Plaintiff's claim is in a motion for summary judgment, not a motion to dismiss. Plaintiff's complaint, while virtually barren of facts, meets the relaxed "notice pleading" standards of the Federal Rules of Civil Procedure. See Phillips USA, Inc. v. Allflex USA, Inc., No. 94-2012-JWL, 1994 WL 398277, at *1 (D. Kan. July 6, 1994) ("[T]he federal rules . . . demand[] no more than 'notice pleading.'"). Notice pleading under Fed. R. Civ. P. 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint need not contain detailed facts, but it must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47. The issue is not whether a plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support the claims. Moridge Mfg., Inc. v. WEC Co., No. 94-2428-EEO, 1995 WL 520030, at *3 (D. Kan. Aug. 3, 1995) (citing Scheuer, 416 U.S. at 236).

The court concludes that Plaintiff has met the notice pleading standards of Rule 8, and declines to dismiss his claims at this time. Plaintiff is admonished, however, that he will need specific evidence to support his claims, or they will be subject to dismissal at a later time.

IT IS, THEREFORE, BY THE COURT ORDERED that Defendants' motion to dismiss (Doc. 16) is granted in part and denied in part. Defendant Crozier is dismissed from the case.

Copies or notice of this order shall be transmitted to counsel of record and *pro se* Plaintiff.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 14th day of February 2005.

>                    /s/ G. T. VanBebber
>                    G. Thomas VanBebber
>                    United States Senior District Judge